**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-40395
Summary Calendar

LUIS ERNEST SANCHEZ, JR.,

Plaintiff-Appellant,

VERSUS

FRIENDSWOOD INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

(G-96-CV-608)

December 9, 1997

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Luis Sanchez, Jr. filed a complaint against the Friendswood Independent School District in which he alleged that the school district, in violation of federal and state law, (1) refused to allow him to graduate, (2) improperly placed him in an alternative and isolated learning environment, and (3) denied him various educational rights, including the right to receive academic, psychological, and developmental testing. Without reaching the merits, the district court dismissed Sanchez's complaint with

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prejudice on the ground that he had violated a local court rule.[2]
Sanchez appeals.

Though the district court erred in dismissing the complaint on the basis of its finding that Sanchez violated a local court rule,[3] we affirm the dismissal on other grounds.[4] Sanchez failed to state a claim upon which relief can be granted.

In paragraphs 6 and 10 of his complaint, Sanchez appears to assert claims for intentional infliction of emotional distress based upon the school district's refusal to allow him to graduate. The school district is immune from such intentional tort suits.[5] Furthermore, Sanchez has not alleged facts that rise to a level of outrageousness sufficient for a finding that the school district intentionally inflicted emotional distress upon him.[6]

Sanchez's claim that he was improperly deprived of academic, psychological and developmental testing appears to fall under the rubric of the Individuals with Disabilities Act ("IDEA"). Even if

---

[2] The Southern District of Texas Rule 6 requires oppositions to be filed within 20 days of the filing of a motion. Failure to respond to a motion will be taken as a representation of no opposition.

[3] See *John v. State of La. Board of Trustees for State Colleges and Universities*, 757 F.2d 698, 707-8 (5th Cir. 1985); see also *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

[4] See *Johnson v. Sawyer*, 120 F.3d 1307, 1316 (5th Cir. 1997).

[5] *Jones v. Houston Independent School District*, 979 F.2d 1004, 1007 (5th Cir. 1992)

[6] See *Guthrie v. Tifco Industries*, 941 F.2d 374, 379 (5th Cir. 1991).

Sanchez were entitled to IDEA's protections, his claim must be dismissed for failure to exhaust administrative remedies.[7]

Finally, Sanchez did not plead facts sufficient to constitute a substantive or procedural due process violation.  The school district did not violate Sanchez's substantive or procedural due process rights by transferring him to an alternative learning environment for disciplinary reasons.[8]

The district court's dismissal of Sanchez's claim with prejudice is AFFIRMED.

---

[7] *Honig v. Doe*, 484 U.S. 305, 326-27 (1988); *Gardner v. School Board Caddo Parish*, 958 F.2d 108, 112 (5th Cir. 1992)

[8] See *Nevares v. San Marcos Consolidated Independent School District*, 111 F.3d 25, 26 (5th Cir. 1997).